# THE WASHINGTON AND GEORGETOWN RAIL–ROAD COMPANY

*v.*

## McLANE.

EVIDENCE; DECLARATIONS; RES GESTÆ; APPELLATE PRACTICE; PREJUDICIAL ERROR.

1. The tendency is to extend and liberalize the principle of admission of declarations as part of the *res gestæ.*
2. The declaration of a boy fourteen years of age mortally injured in a street railway accident, made while lying between the tracks from 5 to 10 minutes after the occurrence, as to the cause of his

injury in response to a question of his mother, is admissible as part of the *res gestæ* in a suit by his administrator, especially where the truth of the declaration is to a certain extent corroborated.

3. In such a case, similar declarations made by the deceased while in an ambulance on his way to a hospital in answer to questions addressed to him by the officer in charge of the ambulance, are inadmissible.

4. But in such a case if such declarations to the officer were substantially but repetitions of the statement made at the place of the injury, their admission in evidence, though erroneous, is not reversible error, the error not being prejudicial.

No. 647. Submitted April 8, 1897. Decided June 7, 1897.

HEARING on an appeal by the defendant from a judgment on verdict in an action to recover damages for death by alleged wrongful act. *Affirmed.*

The facts are sufficiently stated in the opinion.

*Mr. Enoch Totten* and *Mr. Howe Totten* for the appellant.

*Mr. T. A. Lambert* and *W. H. Sholes* for the appellee.

Mr. Chief Justice ALVEY delivered the opinion of the Court:

This is an action under the statute by an administrator, brought to recover damages of the defendant, for the alleged negligent killing of the intestate. The intestate, William Ghio, was a boy about fourteen years of age, engaged in selling newspapers on the streets of the city of Washington. It is alleged, and shown in proof, that the boy was forced off one of the defendant's street cars, as it is alleged, by the conductor of the car, and by that means was knocked down, run over and fatally mangled by another of the defendant's cars on the adjacent tracks, and from which injuries the boy died within a few hours.

The only question in the case is, whether there was error committed by the court below in allowing to be proved to the jury certain declarations or statements of the boy, made a very short time after the occurrence of the accident, in

answer to questions propounded to him, as to how the accident happened, and who was the cause of it.

It appears that while lying between the tracks at the place of the accident, with his legs nearly severed from his body, a few minutes, it may have been from five to ten minutes, after the occurrence of the injury, in response to questions by his mother, as to how the accident happened, he said, "He shoved me off;" and when asked who, his reply was, "Conductor Fleming." And another witness testified that when he reached the scene of the accident the mother had the little boy up in her arms, and she asked, "Willie, how did this happen?" and his reply was, "The conductor kicked me off the car." The truth of this statement of the boy is, to a certain extent, corroborated by the testimony of another newspaper boy who was on the car at the time of the occurrence. He says he saw the conductor's foot raised in the direction of the boy, and he saw the boy at the same moment in the act of falling to the ground. The admissibility of the declarations of the deceased were excepted to by the defendant, and whether such declarations by the deceased were admissible or not, as part of the *res gestæ*, is the question presented.

It is certainly true, that it is not always easy to determine when declarations having relation to an act done, and professing to explain or account for such act, are admissible as part of the *res gestæ*. There is great contrariety in the decisions upon the subject; but the tendency of recent decisions is to extend and liberalize the principle of admission, and declarations and statements are now, by many recent decisions of high authority, admissible that would formerly have been excluded. The application of the principle of admission is largely dependent upon the special circumstances of each case as it occurs. In the English decisions, where the principle has been applied with the greatest strictness, it was held by Lord Holt, in the case of *Thompson* v. *Trevanion*, Skin. 402, and since repeated and approved in

the case of *Rex* v. *Foster*, 6 C. & P. 325, that a statement made by a party injured immediately after he was knocked down, as to how the accident happened, was admissible. The declarations, however, to be admissible, must be the natural emanations or promptings of the act or occurrence in question, and although not exactly concurrent in point of time, yet if they were voluntarily and spontaneously made, and so nearly contemporaneous as to be in the presence of the transaction which they illustrate and explain, and were made under such circumstances as reasonably to exclude the idea of design or deliberation, such declarations are admissible as part of the *res gestæ*.

The declarations made by the deceased at the place of the accident were made so recently after the injuries received, and under such distressing circumstances as to preclude the idea of design or deliberation, and would seem to be but the natural expression of the impressions made upon his mind by the actual occurrence. The age and suffering of the boy, and all the surrounding circumstances, utterly exclude all idea of calculation or ability to manufacture evidence for ulterior purposes. We think the declarations were clearly admissible, and that the ruling of the court was fully within the principle of the cases of *Insurance Co.* v. *Mosley*, 8 Wall. 397; *Metropolitan R. Co.* v. *Collins*, 1 App. D. C. 387; *Snowden* v. *United States*, 2 App. D. C. 89; *The Augusta Factory* v. *Barnes*, 72 Ga. 217; *City of Galveston* v. *Barbour*, 62 Tex. 172; *Railway Co.* v. *Buck*, 116 Ind. 566; *Leahey* v. *Railway Co.*, 97 Mo. 165.

But though we think the declarations made by the boy at the place of the accident were admissible, we think the declarations made by him in the ambulance on the way to the hospital, in answer to the questions addressed to him by the officer in charge of the ambulance, could hardly be justified by the cases. He had then been removed from the scene of the accident, and his statement to the officer was of the character of a narrative of a past occurrence. We

think these declarations to the officer should have been excluded; but it is manifest their admission did the defendant no harm or injury whatever. They were substantially but mere repetitions of the declarations or statements made at the place of the injury. We shall not therefore reverse the judgment for the error in admitting these declarations. The principle is well settled that an appellate court will not disturb a judgment for an error that did not operate to the substantial injury of the party against whom it was committed, and we are decidedly of opinion that no injury was done by the error just mentioned. The judgment, therefore, will be affirmed; and it is so ordered.

*Judgment affirmed.*